## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAUL ENRIQUE ZETINO<br>7917 Grant Drive<br>Glenarden, Maryland 20706<br><br>*On Behalf of Himself and Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>NATION PARKING, LLC<br>1101 New York Avenue, NW<br>Washington, DC 20005<br><br>Serve:  Hanna Asfaw<br>        1101 New York Avenue, NW<br>        Washington, DC 20005<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* CASE NO.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

### COLLECTIVE ACTION COMPLAINT

Plaintiff Saul Enrique Zetino ("Plaintiff"), by and through undersigned counsel, on behalf of himself an all others similarly situated, hereby submits his Collective Action Complaint against Defendant Nation Parking, LLC ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

### PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the State of Maryland who, at all times relevant, performed all work duties for Defendant in the District of Columbia. By acting as the named Plaintiff in this action, Plaintiff hereby affirms his consent to participate as a Plaintiff in a FLSA

and DCMA collective action.

2. Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. During the period of Plaintiff's employment period, Defendant operated several public and private parking facilities in Washington, D.C.

4. During the period of Plaintiff's employment, Plaintiff performed parking attendant related work duties for Defendant at one or more of its parking facilities in Washington, D.C.

5. At all times during Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. Each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00.

7. Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times during Plaintiff's employment with Defendant, Plaintiff was an individual employee who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff were was an individual employee who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

10. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

11. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## EQUITABLE TOLLING

13. At all times during the course of Plaintiff's employment with Defendant, Defendant did not post or otherwise make visible or available at Defendant's places of business any poster or information that notified Plaintiff of the Federal or District of Columbia overtime compensation requirement.

14. At all times during the course of Plaintiff's employment with Defendant, Defendant did not post or otherwise make visible or available at Defendant's places of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid by employers as required by Federal or District of Columbia Law, including notification that the Department of Labor may recover back wages on behalf of employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of Federal and District of Columbia Law.

15. At all times during the course of Plaintiff's employment with Defendant, Defendant did not post or otherwise make visible or available at Defendant's places of business any poster or information that notified employees of the fact that Federal and District of Columbia Law prohibits discriminating against, retaliating against, or discharging workers who file a Complaint or participate in any proceeding to recover unpaid or underpaid wages under

Federal or District of Columbia Law.

16. At all times during Plaintiff's employment, Defendant explicitly advised Plaintiff that Plaintiff was not entitled to be paid for overtime hours worked each week in excess of forty (40) at the Federally and District of Columbia required overtime pay rate of one-and-one-half (1½) times his regular rate of pay.

17. In consideration of the foregoing, it is proper to toll Plaintiff's Federal and District of Columbia overtime claims to include the entirety of each Plaintiff's employment with Defendant.

## FACTS

18. Plaintiff was employed by Defendant from about 2008 through about February 20, 2014.

19. While in Defendant's employ, Plaintiff's exact hours worked varied from week to week.

20. Regularly and customarily, Defendant required Plaintiff to "punch out" so that his hours worked were not tracked and then required Plaintiff to work several additional hours.

21. While in Defendant's employ, Plaintiff regular and customarily worked more than forty (40) hours per week.

22. While in Defendant's employ, Plaintiff regularly and customarily worked more than fifty (50) hours per week.

23. At all times during Plaintiff's employ, Defendant had knowledge of all hours Plaintiff worked and directed Plaintiff to work all hours herein alleged.

24. At all times during Plaintiff's employment, Defendant paid Plaintiff as an hourly employee.

25. Plaintiff's most recent hourly rate was $9.00 per hour.

26. At no time during Plaintiff's employment did Defendant ever pay Plaintiff at the rate of one-and-one half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

27. Rather than paying Plaintiff as required by the FLSA and DCMWA for overtime hours worked per week in excess of forty (40), Defendant paid Plaintiff at a lower rate (most recently $8.00 per hour) for overtime hours worked.

28. Defendant acted willfully to hide its FLSA and DCMWA violations and paid Plaintiff in cash for overtime hours worked each week in excess of forty (40).

29. At no time during Plaintiff's employment with Defendant did Plaintiff perform work duties that would make them exempt from the overtime compensation requirement of the FLSA or DCMWA.

30. An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

31. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

32. The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

33. Here, Defendant's failure to pay Plaintiff overtime wages as required by Federal Law and District of Columbia Law was not the product of good faith.

34. Here, Defendant had no reasonable grounds for believing its failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

35. Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages.

36. As such, in addition to unpaid overtime wages, Plaintiff is entitled to liquidated damages in an equal amount to his unpaid overtime wages under the FLSA and DCMWA..

37. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendant to the successful Plaintiff(s).

38 As such, the FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

39. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

40. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

41. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434.

42. In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.*, 572 F.

6

Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

43. In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff believes that more than fifteen (15) similarly situated persons are or have been employed by Defendant to perform parking attendant job duties since March 2011.

45. The duties, responsibilities, and activities of these other similarly situated individuals were essentially the same as the duties, responsibilities, and activities that Plaintiff performed.

46. The other similarly situated individuals were paid on an hourly basis in the same manner and under the same standard employment procedures and practices as Plaintiff.

47. The hours worked by the other similarly situated individuals varied from workweek to workweek.

48. The other similarly situated individuals worked more than forty (40) hours in many workweeks.

49. The other similarly situated individuals were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

50. The other similarly situated individuals and Plaintiff are owed unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

51. Plaintiff re-allege and re-assert each and every allegation set forth in Paragraphs 1-50 above, as if each were set forth herein.

52. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

53. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1) and Defendant was Plaintiff's "employer" under the FLSA, 29 U.S.C. § 207(a)(2).

54. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

55. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week in excess of forty (40).

56. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

57. At all times during Plaintiff's employ, Defendant had actual knowledge that the rate and method by which it compensated Plaintiff was in direct violation to the FLSA overtime requirement.

58. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all "opt-in" Plaintiffs") under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

59. Plaintiff re-alleges and re-asserts each and every allegation set forth in Paragraphs 1-58 above, as if each were set forth herein.

60. Plaintiff was Defendant's "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

61. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

62. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week in excess of forty (40).

63. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

64. At all times during Plaintiff's employment, Defendant had actual knowledge that the rate and method by which it compensated Plaintiff for overtime hours worked each week in excess of forty (40) was in direct violation of the DCMWA.

65. Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all "opt-in" Plaintiffs), under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*